# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DIRK KIEBACK, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3291 |
| | § | |
| BAYLOR COLLEGE OF MEDICINE, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Remand [Doc. # 3] and Supplement [Doc. # 5] filed by Plaintiff Dirk Kieback.[1] Defendants filed a Response [Doc. # 8] to the Motion for Remand, and Plaintiff filed a Reply [Doc. # 9]. Having reviewed the full record and the applicable legal authorities, the Court **grants** the Motion for Remand but **denies** the request for attorney's fees.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Dirk Kieback is a specialist in gynecological oncology. In March 2005, he accepted a tenured position at Defendant Baylor College of Medicine ("BCOM"). Plaintiff alleges that Defendants Dr. Matthew Anderson and Dr. Margrit Maria Janat-Amsbury made false allegations against him and complained to BCOM's

---

[1]  Plaintiff also filed a Motion for Expedited Hearing [Doc. # 4]. The Court has considered the Motion for Remand as promptly as the parties' briefing permitted. To that extent, the Motion for Expedited Hearing is **granted**.

General Counsel regarding the gene therapy experiments Plaintiff was conducting. BCOM's Institutional Review Board ("IRB") investigated the allegations and issued a formal report describing irregularities in Plaintiff's gene therapy protocol. Plaintiff alleges that Defendant Dr. Jay Stein improperly circulated an unredacted version of the IRB report to persons outside BCOM.

The IRB recommended severe sanctions against Plaintiff. Following issuance of the IRB report, Plaintiff was terminated from his tenured position with BCOM. Plaintiff alleges that the IRB investigation was improperly conducted. Plaintiff also alleges that the report was improperly published to third parties, preventing him from obtaining employment and grants for research.

Plaintiff filed this lawsuit in Texas state court on May 3, 2007. On November 6, 2008, Defendants filed a Notice of Removal. Plaintiff filed his Motion for Remand, which has been fully briefed and is ripe for decision.

## II.   ANALYSIS

A defendant may remove a case from state court within thirty days of the receipt of the initial pleading or within thirty days of receipt of an "amended pleading, motion, order, or *other paper* from which the defendant can first ascertain that the case is removable." 28 U.S.C. § 1446(b) (emphasis added); *see also Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 760 (5th Cir. 2000). The party invoking this

Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). In evaluating the propriety of removal, this Court must evaluate all factual allegations in the light most favorable to Plaintiff, resolve all contested issues of fact in favor of Plaintiff, and resolve all ambiguities of controlling state law in favor of Plaintiff. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (citations omitted).

Defendants note that Plaintiff's claims are based on "the appropriateness of procedures undertaken by the Baylor IRB with regard the conduct of its investigation of Plaintiff's gene therapy human research study." *See* Notice of Removal [Doc. # 1], p. 2. Defendants claim that the IRB and its proceedings are governed by the Code of Federal Regulations and, on that basis, there is federal question jurisdiction. *See id.* Defendants argue that the removal was timely pursuant to 28 U.S.C. § 1446(b) because the case was removed within thirty days after the deposition of Dr. Raymond Kaufman, during which Plaintiff's counsel questioned Dr. Kaufman about the IRB investigation.

Defendants' position is not supported by the record. In his Original Petition filed in May 2007, Plaintiff alleged clearly and unequivocally that the

> IRB refused to interview Dr. Kieback . . . before they issued their findings. He was given less rights tha[n] a repeat felony offender and denied all due process. The IRB failed to conduct a thorough and complete investigation and did so intentionally and willfully. In addition

> to not being thorough, it is far from fair and balanced, attempting to pin fault on Dr. Kieback for the failures of other BCOM employees.

Plaintiff's Original Petition, Exh. 1 to Notice of Removal [Doc. # 1], ¶ 15. Plaintiff also alleges in his Original Petition that Defendants improperly published the IRB report to third parties, preventing Plaintiff from "obtaining employment in academic medicine in the United States and from obtaining grants for research." *Id.*, ¶ 16. It is abundantly clear from the Original Petition that Plaintiff's claims are based, at least in substantial part, on the alleged inappropriateness of the IRB investigation.

Plaintiff was deposed on September 29, 2007. Plaintiff's reliance on the IRB investigation and its improper publication to third parties as the basis of his state court claims was made even more clear during his deposition testimony. For example, defense counsel specifically asked "is your claim against Dr. Patrick for defamation the fact that you believe that the IRB report is unsubstantiated?" Kieback Deposition, Exh. 1 to Motion to Remand, p. 217. Plaintiff answered "yes." *Id.* Plaintiff also stated that the "IRB report, as it was issued and sent out, was never in any way fact-checked and was never discussed with me. . .." *Id.* at 219.

Defendants have not explained how the questions asked of Dr. Kaufman at his October 2008 deposition indicated any more clearly than the allegations in the Original Petition and Plaintiff's deposition testimony that the inappropriateness of the IRB investigation and the allegedly improper publication of the IRB report was the

basis for Plaintiff's state law claims. To the extent that the federal regulation of the IRB provides a basis for federal question jurisdiction in this case,[2] Plaintiff's reliance on the IRB investigation as the basis of his claims was evident from the Original Petition and was further clarified by Plaintiff's deposition testimony. Defendants were aware of both well more than thirty days before filing the Notice of Removal in November 2008. As a result, Defendants' removal of this case was untimely and Plaintiff's Motion for Remand will be granted.

When issuing an order of remand, the Court has discretion to include a requirement that the removing party pay any costs and fees incurred as a result of the removal. *See* 28 U.S.C. § 1447(c). The Court does not find that the Notice of Removal was filed for delay or any other improper purpose. Although the case had a trial date of December 8, 2008, it appears unlikely that the case could have been tried on that date because discovery has not been completed. As a result, the Court does not find an award of costs and fees to be appropriate and denies Plaintiff's Motion for Award of Attorney Fees and Expenses.

### III.   **CONCLUSION AND ORDER**

---

[2]   The Court expresses no opinion regarding whether federal regulation of IRB investigations would confer federal question jurisdiction in this case.

To the extent that federal question jurisdiction can properly be based on Plaintiff's claim that the IRB investigation was inappropriate, it was clear from the Original Petition filed in May 2007, and from Plaintiff's deposition testimony in September 2007, that the IRB investigation was a substantial basis for Plaintiff's claims. As a result, to the extent there is federal jurisdiction, it was not first ascertainable from the October 2008 deposition of Dr. Kaufman. Accordingly, the removal was untimely and it is hereby

**ORDERED** that Plaintiff's Motion for Expedited Hearing [Doc. # 4] is **GRANTED** to the extent that the Motion for Remand has been considered as expeditiously as possible. It is further

**ORDERED** that Plaintiff's Motion for Remand [Doc. # 3] is **GRANTED** and this case is **REMANDED** to the 165th Judicial District Court of Harris County, Texas. Plaintiff's Motion for Award of Attorney Fees [Doc. # 3] is **DENIED**.

SIGNED at Houston, Texas, this **10th** day of **December, 2008**.

_____
Nancy F. Atlas
United States District Judge